IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

DARSHAN MEHTA,

    Plaintiff,

v.     Civil Action No. 1:16-cv-1616

LYNDA MADDOX, et al.,

    Defendants.

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Defendants Lynda Maddox and Donald Maddox's ("Defendants") Motion to Dismiss the First Amended Complaint. Upon consideration of the Motion and the memoranda filed in support thereof and in opposition thereto, the Court concludes that the First Amended Complaint fails to establish either personal jurisdiction over the Defendants or venue in this District.

Plaintiff Darshan Mehta ("Plaintiff") has filed this action against his wife, Lynda Maddox, and Lynda Maddox's brother, Donald Maddox. Plaintiff is a resident of Virginia; Lynda Maddox is a resident of the District of Columbia; and Donald Maddox is a resident of Minnesota. Plaintiff alleges that he became a resident of Virginia on or around October 9, 2016, upon separating from Lynda Maddox and moving out of the couple's home

in the District of Columbia. In his eight-count First Amended Complaint, Plaintiff alleges that, after he and Lynda Maddox separated, Defendants violated multiple federal and Virginia laws when they accessed Plaintiff's cell phone, email, bank, and other personal accounts. Defendants have moved to dismiss the First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), (3), and (6).

Defendants' first and primary argument for dismissal of the complaint is that this Court lacks personal jurisdiction over them. To establish personal jurisdiction, a plaintiff must satisfy a two-part inquiry. Alitalia-Linee Aeree Italiane S.p.A. v. Casinoalitalia.Com, 128 F. Supp. 2d 340, 347 (E.D. Va. 2001). First, a court must determine whether the particular facts and circumstances of the case fall within the reach of Virginia's long-arm statute, Va. Code § 8.01-328.1. Verizon Online Servs., Inc. v. Ralsky, 203 F. Supp. 2d 601, 610 (E.D. Va. 2002). Second, a court must decide whether the long-arm statute's reach in the case comports with the Due Process Clause of the Fourteenth Amendment of the United States Constitution. See, e.g., id. at 609; Cent. Va. Aviation, Inc. v. N. Am. Flight Servs., Inc., 23 F. Supp. 3d 625, 628 (E.D. Va. 2014).

The Virginia Supreme Court has interpreted Virginia's long-arm statute to confer jurisdiction over nonresidents who engage in some purposeful activity in Virginia to the extent

permissible under the Due Process Clause. See Cent. Va. Aviation, 23 F. Supp. 3d at 628 (citation omitted). Thus, the statutory and constitutional inquiries merge, and the reviewing court is not required to go through both steps of the two-part inquiry to determining the existence of personal jurisdiction. Id. (citing In re Celotex Corp., 124 F.3d 619, 627-28 (4th Cir. 1997)).

At this threshold stage, the plaintiff "need only make a prima facie showing of sufficient jurisdictional basis[.]" Am. Online, Inc. v. Huang, 106 F. Supp. 2d 848, 854 (E.D. Va. 2000) (citing Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989)). However, the plaintiff bears the burden of proving the existence of a ground for jurisdiction by a preponderance of the evidence. Ralsky, 203 F. Supp. 2d at 609.

Plaintiff alleges that this Court has personal jurisdiction over Defendants under subsection (A)(3) of the long-arm statute because the accounts that Defendants accessed were legally located within Virginia. A court may exercise personal jurisdiction under subsection (A)(3) "over a person, who acts directly or by an agent, as to a cause of action arising from the person's . . . [c]ausing tortious injury by an act or omission in [Virginia]." Va. Code Ann. § 8.01-328.1(A)(3). Plaintiff alleges that when he resettled in Virginia after his separation from Lynda Maddox, his accounts migrated with him, as

3

evidenced by changes of address associated with his accounts. Plaintiff contends that Defendants knew or should have known that Plaintiff's accounts were legally located in Virginia.

Jurisdiction is inappropriate as to both Defendants in this case under subsection (A)(3) of the long arm statute, because Plaintiff has not alleged that any tortious conduct occurred as a result of any act or omission in Virginia. See Cent. Va. Aviation, 23 F. Supp. 3d at 629 ("Plaintiff must establish the tortious conduct occurred while Defendant was in Virginia."). The complaint does not allege that the Defendants illegally accessed Plaintiff's accounts while they were present in Virginia. That Plaintiff's accounts migrated to Virginia with Plaintiff upon his move is not relevant to the analysis under subsection (A)(3), given that Plaintiff cannot establish that Defendants caused tortious injury while present in Virginia. As a result, this Court does not have personal jurisdiction over the Defendants under Va. Code § 8.01-328.1(A)(3).

Plaintiff also alleges that the Court has personal jurisdiction over Defendants under subsection (A)(4) of the long-arm statute because Defendants' activities in Virginia were continuous and systematic. A court may exercise personal jurisdiction under subsection (A)(4) "over a person, who acts directly or by an agent, as to a cause of action arising from the person's . . . [c]ausing tortious injury [in Virginia] by an

4

act or omission outside [Virginia] if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in [Virginia]." Va. Code Ann. § 8.01-328.1(A)(4).

Plaintiff alleges various facts to support personal jurisdiction under subsection (A)(4). He states that Lynda Maddox routinely parked her car in Virginia when she traveled out of town, that she had her car serviced in Virginia, that she shopped and dined in Virginia several times per week over a period of twenty-eight years, that she maintained a membership at Costco and made routine visits to different Costco locations in Virginia, and that she regularly solicits and transacts business in Virginia by working on consulting projects in Virginia. Plaintiff also alleges that Lynda Maddox conducts professional affairs in Virginia and derives a portion of her income from Virginia-based sources.

As to Donald Maddox, Plaintiff alleges that he dined and shopped in Virginia when he visited Plaintiff and Lynda Maddox. Plaintiff also alleges that Donald Maddox spent time at Plaintiff's parents' home in Virginia and traveled through Ronald Reagan Washington National Airport, located in Virginia.

Jurisdiction is inappropriate as to Donald Maddox in this case under subsection (A)(4) of the long arm statute, because

5

Plaintiff has not alleged that Donald Maddox regularly does or solicits business, engages in any other persistent course of conduct, or derives revenue in Virginia. Occasionally flying in and out of Reagan National or shopping and dining in Virginia is insufficient to establish any of the requirements of subsection (A)(4). Moreover, as explained below, Plaintiff has not alleged that his cause of action arises from Donald Maddox's conduct in Virginia. As a result, this Court does not have personal jurisdiction over Donald Maddox under Va. Code § 8.01-328.1(A)(4).

Personal jurisdiction over Lynda Maddox is also not properly exercised pursuant to subsection (A)(4) of the long-arm statute. For this provision of the long-arm statute to confer jurisdiction, Plaintiff must show that: (1) Lynda Maddox caused tortious injury in Virginia by an act or omission outside of Virginia; (2) Lynda Maddox regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in Virginia; and (3) Plaintiff's cause of action arises from such conduct. See Va. Code Ann. § 8.01-328.1(A)(4); People Exp. Airlines, Inc. v. 200 Kelsey Assoc., LLC, 922 F. Supp. 2 536, 545 (E.D. Va. 2013). Plaintiff has failed to make such a showing.

Although Plaintiff has alleged that Lynda Maddox engages in a persistent course of conduct in Virginia and derives revenue from services rendered in Virginia, Plaintiff has not alleged that his causes of action arise from this conduct. In other words, Plaintiff's claims that Lynda Maddox illegally accessed his accounts are unrelated to Lynda Maddox's dealings in Virginia, whether they be personal or professional. As a result, this Court does not have personal jurisdiction over Lynda Maddox under Va. Code § 8.01-328.1(A)(4).

In the alternative to his personal jurisdiction arguments under subsections (A)(3) and (A)(4), Plaintiff alleges that the Court has personal jurisdiction over Defendants under subsection (B) of the long-arm statute, because Defendants used a computer or a computer network located in Virginia when they illegally accessed Plaintiff's accounts. See Va. Code Ann. § 8.01-328.1(B) (stating that "[u]sing a computer or computer network located in [Virginia] shall constitute an act in [Virginia]."). However, Plaintiff has not alleged sufficient facts establishing that Defendants used a computer or a computer network located in Virginia. Rather, Plaintiff makes a conclusory statement that is devoid of factual support. Plaintiff also cites other provisions of the long-arm statute, but he again fails to provide any factual support showing that personal jurisdiction is proper under those other provisions. As a result,

7

Plaintiff's alternative personal jurisdiction argument fails as to both Defendants. Because Plaintiff has failed to demonstrate that Virginia's long-arm statute confers jurisdiction, the Court need not reach the constitutional due process component.

Defendants also move to dismiss the First Amended Complaint under Federal Rule of Civil Procedure 12(b)(3) for improper venue. For the reasons discussed above, and regardless of whether there is personal jurisdiction over the Defendants, venue is not proper in this District. 28 U.S.C. § 1391(b) provides that venue is proper in: (1) a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

First, neither Defendant is a resident of Virginia. As alleged in the complaint, Lynda Maddox resides in Washington, DC, and Donald Maddox resides in Prior Lake, Minnesota. Second, the events giving rise to the claim did not occur in this District. Third, Plaintiff has not shown that there is no other

district in which this action may be brought. As a result, venue in the Eastern District of Virginia is not proper under 28 U.S.C. § 1391(b).

Finally, Defendants move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Because this Court does not have personal jurisdiction over the Defendants, and because venue is not proper in this District, the Court need not decide whether the First Amended Complaint states a claim upon which relief can be had.

For the foregoing reasons, the Court holds that Plaintiff failed to make a prima facie case that personal jurisdiction attaches. Moreover, venue in this District is improper. Accordingly, Defendants' Motion to Dismiss is granted, and this case is dismissed.

An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
May 23, 2017

9